IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL LAM JORDAN,<br><br>     Petitioner,<br><br>  v.<br><br>JIMMY WALKER, Warden,<br><br>     Respondent.<br>_____/ | No.   C 06-3626 SBA (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>(Docket no. 29) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed an answer, and Petitioner has filed a traverse.

Before the Court is Petitioner's motion to stay habeas proceedings (docket no. 29).

**DISCUSSION**

In his motion for a stay, Petitioner requests that the Court "stay all proceedings pending DNA results." (Mot. to Stay at 1.) He claims that he is seeking assistance from the Northern California Innocence Project, and that an attorney working for the project is attempting to be appointed as his counsel in his state court case in the Alameda County Superior Court for the purpose of DNA testing. Petitioner alleges that "there is a very strong likelihood the results of the DNA [testing] will reveal a positive match on evidence at the crimes [sic] scene that will provide scientific proof of Petitioner's actual innocence." (Id.) Based on Petitioner's allegations, the Court assumes that the aforementioned evidence relevant to his case was not previously subjected to proper testing by the State.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-

16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there is good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78). "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. Id. (citing Rose, 455 U.S. at 522 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief")).

Here, liberally construing Petitioner's allegations, it appears that he has shown good cause for his failure to exhaust the claim based on the evidence or absence of DNA testing of that evidence before filing the federal petition, and the claim does not appear patently meritless. See Rhines, 544

1  U.S. at 277-78.  Furthermore, the Court notes that, liberally construed, Petitioner's unexhausted
2  claim states a cognizable basis for federal habeas relief.  This is Petitioner's first habeas petition, and
3  there is no evidence that he seeks the stay for improper purposes.  See Fetterly v. Paskett, 997 F.2d
4  1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of
5  unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable
6  under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no
7  evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse
8  of the writ).  Additionally, because there is no evidence that Petitioner engaged in intentionally
9  dilatory litigation practices, he is entitled to have his petition stayed during the time he exhausts his
10 claim in state court.  See Rhines, 544 U.S. at 278; see also Olvera v. Giurbino, 371 F.3d 569, 573-74
11 (9th Cir. 2004) (a stay is clearly appropriate when valid claims would otherwise be forfeited due to
12 AEDPA's one-year statute of limitations).  Accordingly, Petitioner's motion to stay the instant
13 petition (docket no. 29) is GRANTED.

## CONCLUSION

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated.  He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claim.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claim.

This Order terminates Docket no. 29.

IT IS SO ORDERED.

*Saundra B Armstrong*

DATED: 9/30/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN et al, | Case Number: CV06-03626 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| WALKER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Harol Lam Jordan
Prisoner Id V-42322
P.O. Box 1050
Soledad, CA 93960

Dated: October 1, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Jordan3626.stay-DNA.wpd   4